**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:20 AM February 21, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| KONSTANTINE PANTELIDES | ) | CASE NO. 10-62459 |
| AND CHRISTINA JESSICA | ) | |
| PANTELIDES, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On October 10, 2013, chapter 13 trustee Toby L. Rosen ("Trustee") moved to convert this case to a chapter 7 case. Debtors oppose conversion.[1]

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. The following constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in

---

[1] Debtors' response to the motion to convert is titled "Debtor's (sic) Brief in Response to Trustee's Motion to Turnover." Since the content of the pleading is responsive to the motion to convert, the response was filed on date due under the court's scheduling order, and no motion for turnover is pending, the court concludes the title is simply an error.

1

electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 13 petition on June 7, 2010. They listed ownership interests in three parcels of real estate: 5887 Columbus Road, Louisville; 5491 Willa Street N.E., Louisville; and 501 South Union Ave., Louisville.[2]

Debtors' amended plan was confirmed on January 27, 2011. Under the plan, Debtors proposed to surrender the Willa Street property and retain the other two parcels. The plan projected a ten percent distribution to unsecured creditors. Schedule F listed over $175,000 in unsecured debt.

On July 9, 2013, Debtors amended Schedule A to include another interest in real estate. The amendment indicates that Mr. Pantelides has a joint remainder interest in 1328 Southpointe Circle, N.E. (hereafter "Southpointe"). On February 12, 2010, Helen G. Pantelides, Mr. Pantelides' mother, quit-claimed her interest to Mr. Pantelides and Fran E. Armatas, his sister, and reserved a life estate for herself.

The facts above are not in dispute.

According to Mr. Pantelides, he learned of the transfer in 2013 when his sister attempted to sell the house, which required his signature. He believes that a pre-filing records search failed to reveal the quit claim deed because it contained his legal Greek first name, Konstandinos, not Konstantine. He contends the house is his mother's and has always been his mother's, as evidenced by her payment of taxes and insurance on the property. He claims his mother was to receive the proceeds from the June 2013 sale. He says he never accepted the transfer and therefore does not have an interest in the property.

Trustee disagrees with Debtors. She believes acceptance of the gift was unnecessary, leaving Mr. Pantelides with an interest in the house. She also suggests that, using a last name search only, Debtors should have found the deed in Mr. Pantelides' name. She seeks conversion because Mr. Pantelides' interest in the house creates a chapter 7 liquidation value which she doesn't believe Debtors can afford to pay to unsecured creditors in the remaining time left in their chapter 13 case. Consequently, she urges the court to convert the case and allow administration by a chapter 7 trustee.

## DISCUSSION

In her motion, Trustee incorrectly cites 11 U.S.C. § 706 as her basis for conversion. While her brief contains an appropriate reference to 11 U.S.C. § 1307(c), Trustee doesn't cite a specific prong for relief under § 1307(c). Since Debtors have not taken issue with this, neither

---

[2] The parcel is actually titled in Pantelides Co. Ltd. Debtors did not list an ownership interest in the company on Schedule B but it appears it is a dentistry office owned and operated by one or both Debtors.

2

will the court.  It appears that both Debtors and Trustee concur that the motion to convert hinges on whether Debtor Konstantine Pantelides needed to formally accept the gift from his mother to perfect his interest in the property.  The court finds that formal or explicit acceptance was not required under Ohio law.

Relying on Lessee of John Mitchell v. Ryan, 3 Ohio St. 377 (1854), Trustee argues that manual delivery and formal acceptance were not required to transfer an interest to Debtor.  In Mitchell, a father deeded property to his daughter without her knowledge.  The deed was recorded but never delivered to the daughter, who married and died without knowing of her interest in the property.  About a decade after executing the deed to his daughter, the father sold the property to Defendant and executed and recorded another deed in Defendant's favor.  The case came before the court to determine who held the interest in the property:  the daughter's widower-husband or Defendant, the purchaser.  The court granted judgment in favor of the widower-husband.

The court found that, while recording a deed is "*prima facie* evidence of its delivery," the delivery rule is rebuttable.  Id. at 380.  After looking at the record and testimony, however, the court found no evidence to overcome the presumption of delivery.  Although the court surmised that the father later changed his mind about the transfer to his daughter, and attempted to sell the property to Defendant, his initial actions, including recordation, spoke of his unequivocal intent to transfer his interest to her.  Defendant argued that even if this was the father's intent, delivery was incomplete because the daughter, who never knew of the deed, did not accept it.  The court rejected this argument, finding that "where the grant is a pure, unqualified gift, I think the true rule is that the presumption of acceptance can be rebutted only by proof of dissent; and it matters not that the grantee never knew of the conveyance, for as his assent is presumed from its beneficial character, the presumption can be overthrown only by proof that he *did* know of and *rejected* it." Id. at 387.

Contrary to Mitchell, Debtors, citing Gatts v. E.G.T.G, 14 Ohio App.3d 243 (Ohio Ct. App. 11th Dist. 1983) argue that the grantor had to deliver the deed and the grantee, Mr. Pantelides, who had to accept it in order to pass title.  The court finds this is a misreading of Gatts.  In Gatts, the mortgage deed was executed before the the warranty deed.  The warranty deed, however, was delivered and accepted before the mortgage deed, which was sufficient to convey the property, rendering the mortgage legally enforceable.  While the opinion does reference delivery and acceptance as general requirements to convey title, Debtors fail to appreciate that explicit acceptance is not required.  '[T]his warranty deed transaction standing alone would provide a basis for passive acceptance.'  Gatts at 246 (citing Coulter v. Seybold, 57 Ohio Law Abs. 252 (C.P. 1949)).  'The recording of a mortgage takes the place of a manual delivery, at least where there is an acceptance, or such acceptance can be presumed * * *.'  Gatts at 246 (citing 37 Ohio Jurisprudence 2nd 284 (1959)).  "[E]xpress acceptance of the * * * mortgage by the mortgagees is not required.  The acceptance may be implied from the circumstances.'  Gatts at 246 (citing Bundy v. Iron Co., 38 Ohio St. 300 (1882)).  Clearly, Gatts does not stand for Debtors' proposition that formal or explicit acceptance is required.  Instead, Gatts suggests that passive, presumed and/or implied acceptance is sufficient.

3

This understanding is buttressed by a sister bankruptcy court in this district. Hayes v. DiSalle (In re Hayes), 293 B.R. 420 (Bankr. N.D. Ohio 2002). In Hayes, the debtor's parents deeded their house to debtor, then eighteen, without her knowledge, reserving only a life estate for themselves. The deed was recorded contemporaneously. The parents continued to live in the home and pay all expenses. Eight years later, the debtor sought bankruptcy advice. Prior to filing, she deeded the property back to her parents but reserved a life estate for herself. A few months later, she filed a chapter 13 petition. The chapter 13 trustee challenged the real estate transfer. In examining the transfer, the court followed Mitchell, finding that, while acceptance is a requirement to transfer title, it can be presumed: "[w]hether an acceptance has occurred is dependent on the individual facts of each case; however, in cases such as this, where the transfer is plainly beneficial to the grantee, acceptance will be presumed in the absence of proof of the contrary." Hayes at 423 (citing Mitchell, 3 Ohio St. 377).

For this reason, Trustee's motion to convert will be granted. An order consistent with this opinion will be entered immediately.

#    #    #

**Service List:**

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702